EUGENIA CRAWFORD V. B. A. TAYLOR, AUD., ET AL.

1. EXTENT OF DITCH IMPROVEMENT AND ASSESSMENT LEFT LARGELY TO JUDGMENT OF AUTHORITIES IN CHARGE.

   The extent of a ditch improvement and the consequent amount of the assessment to pay the cost thereof, must, to a great extent, be left to the judgment of the authorities who have the matter in charge; and a court of equity will, in such cases, be slow in restraining their action.

2. SECTION 3 OF ACT 95 O. L. 155 (LAN. R. L. 7834; B. 4584-3), UNCONSTITUTIONAL.

   Section 3 of the act 95 O. L. 155 (Lan. R. L. 7834; B. 4584-3), providing for the cleaning out of ditches, is unconstitutional, because it is administrative, and not legislative, in character, in that the "necessity" for the improvement is determined by the legislature, no provision being made in said act for determining such question by any authorized officer or board. Said section is also unconstitutional because it unjustly discriminates between different applicants for such improvement with respect to costs.

APPEAL from Madison common pleas court.

**Michael Murray,** for plaintiff.

**T. J. Duncan,** for defendant.

## WILSON, J.

This is an action brought to enjoin the assessment made by the auditor under favor of Sec. 3 of the act found in 95 O. L. 155, Lan. R. L. 7834 (B. 4584-3), for cleaning out what is known as the Pfifer county ditch, and comes into this court on appeal.

If the law under which it is sought to lay the assessment should be held constitutional we would not grant the relief prayed for upon the facts disclosed in the evidence. The extent of the improvement and the consequent amount of the assessment must, in the nature of things, be left largely to the judgment of the authorities who are upon the ground and act with better information than a court can obtain from cold type and oral evidence. The equity powers of the court should be slow to move under such circumstances.

But we have not been able to reconcile our views of the law with the constitutionality of the statute under which it is sought to make the improvement. It is obvious, we think, that the provisions of Sec. 3 of the statute under review do not refer the question of the necessity for cleaning out, to any officer or board of the county. It is said by counsel in argument that "the necessity" is implied as a prerequisite to invoking the operation of the law, the language being, "Provided, however, that when a ditch needs to be cleaned out," etc. But this language is the same as that of Sec. 2 of said act (Lan. R. L. 7833; B. 4584-2) wherein it is provided that the commissioners shall determine the necessity before the improvement is ordered, and nothing was left to be implied in that section.

Again it is argued the county surveyor is authorized to determine the necessity, because he is ordered "to examine the ditch." His duties are similarly expressed in Sec. 4 of said act (Lan. R. L. 7835; R. S. 4584-4) when he is proceeding in pursuance to the provisions of Sec. 2 to carry out the order of the commissioners after they have determined the necessity. There is nothing in the language of Sec. 3 to inform him that his authority is different or greater than it is under the other sections, and he would look upon the necessity as predetermined and act accordingly.

Nor can it be inferred that the auditor has power to determine the necessity for the improvement under the authority to pass upon the surveyor's report of the apportionment of the assessment and make such changes therein as he may deem right and proper.

The apportionment of the assessment and not the necessity for the improvement is the matter he considers. Here again it is assumed that

Crawford v. Taylor.

"the necessity" is predetermined. The authority to make changes and approve does not imply the power to annul the assessment. When an officer's power is purely statutory the courts will be slow to raise it by implication.

It would be a forced construction to say that the power to determine the necessity is to be inferred from the language in Sec. 3 when it is clearly expressed as otherwise bestowed in the sections immediately preceding and following in the same act.

In our opinion the necessity for cleaning out is determined by the legislature to be whenever any resident landowner of any tract of land which was assessed for the construction may make a sworn statement to the county auditor in writing setting forth the necessity. It is a mandatory improvement act which does not submit the question of the public necessity to any authorized public board or officer. Such an act is administrative, not legislative, in its character and unconstitutional because not within the province of the legislature.

It is apparent also that the remedy provided in Sec. 3 is materially different from that provided to the same end in Secs. 2 and 4 of the act. Under the last named sections the applicant for relief is required to give bond to secure the costs and to have the board of county commissioners find the improvement necessary. In the event the board does not so find, he is adjudged to pay the costs. No such requirements are made of the applicant under Sec. 3. The distinction is not made to depend upon residence as a reason for classification. A resident landowner may apply under either section. A nonresident may not apply under Sec. 3, but whether the resident landowner applies under the one or the other must depend largely upon his scrupulosity. If he is willing to make oath that it is necessary and invoke the power to assess his neighbors upon his own information and judgment he may have the ditch cleaned out under Sec. 3. If he has scruples about making the sworn statement and desires to have the county commissioners investigate and pass upon the question affecting himself and others he must make application under Sec. 2 and as a penalty for his modesty secure the costs. This would appear to be unequal legislation, an unjust discrimination against the fair minded citizen and violative of the bill of rights.

So much of the statute as is included in Sec. 3 of the act is held to be unconstitutional and void, and the proceeding to levy an assessment under its provisions will be enjoined. A decree may be entered accordingly, the plaintiff to recover her costs.

**Dustin** and **Sullivan, JJ.,** concur.